**Opinion filed March 2, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00303-CV

_____

## STEVE VAN HORNE, Appellant

## V.

## TAYLOR COUNTY, PRECINCT 1, PLACE 2, COURT, et al., Appellees

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 12749-D**

## M E M O R A N D U M   O P I N I O N

Appellant, Steve Van Horne, filed a pro se notice of appeal from the trial court's October 5, 2022 Order on Motion to Dismiss. After this appeal was docketed, we informed Appellant that it did not appear that the order from which Appellant attempted to appeal was a final, appealable order, and we requested that Appellant provide this court with a response showing grounds to continue this

appeal.  *See* TEX. R. APP. P. 42.3.  Appellant filed a response in which he indicated that he did not understand why the trial court's order would not be final.

After receiving Appellant's response, we issued an order abating this appeal pursuant to Rule 27.2 of the Texas Rules of Appellate Procedure to permit the trial court to enter a final order or judgment over which this court has jurisdiction.  In our abatement order, we explained that the order from which Appellant attempted to appeal did not state that it was a final or appealable order, nor did it dispose of all parties—specifically Appellant's claims against defendant Tracy Kirtland.

Unless specifically authorized by statute, appeals may be taken only from final judgments.  *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840–41 (Tex. 2007); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).  A judgment is final and appealable if it disposes of all parties and all claims in the case. *Lehmann*, 39 S.W.3d at 195.  The order from which Appellant attempts to appeal is still not final because his claims against Tracy Kirtland remain pending in this cause.

In our December 1, 2022 abatement order, we informed the parties: "If a final, appealable order or judgment has not been entered by February 14, 2023, we may dismiss this appeal."  *See* TEX. R. APP. P. 42.3.  Because all parties and all claims have not been disposed of and because Appellant has not obtained a final, appealable order or judgment as directed by this court in the December 1 abatement order, we now reinstate the appeal and dismiss it for want of jurisdiction.

This appeal is dismissed for want of jurisdiction.

PER CURIAM

March 2, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.